Case No. 15-50759

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INCORPORATED,**

Plaintiffs - Appellants

v.

**UNITED STATES DEPARTMENT OF STATE; JOHN F. KERRY, In His Official Capacity as the Secretary of the Department of State; DIRECTORATE OF DEFENSE TRADE CONTROLS, Department of State Bureau of Political Military Affairs; KENNETH B. HANDELMAN, Individually and in His Official Capacity as the Deputy Assistant Secretary of State for Defense Trade Controls in the Bureau of Political-Military Affairs; C. EDWARD PEARTREE, Individually and in His Official Capacity as the Director of the Office of Defense Trade Controls Policy Division; SARAH J. HEIDEMA, Individually and in Her Official Capacity as the Division Chief, Regulatory and Multilateral Affairs, Office of Defense Trade Controls Policy; GLENN SMITH, Individually and in His Official Capacity as the Senior Advisor, Office of Defense Trade Controls,**

Defendants - Appellees

---

On Appeal From the United States District Court
For the Western District of Texas, Austin Division
No. 15-cv-00372 (Hon. Robert Pitman)

---

**UNOPPOSED MOTION TO VIEW SEALED PORTION OF RECORD**

---

Counsel listed on inside cover

Alan Gura
GURA & POSSESSKY, PLLC
105 Oronoco Street, Suite 305
Alexandria, Virginia 22314
(703) 835-9085 (Telephone)
(703) 997-7665 (Facsimile)
alan@gurapossessky.com

*Counsel for Appellants*

Joshua M. Blackman
1303 San Jacinto Street
Houston, Texas 77002
(202) 294-9003 (Telephone)
(713) 646-1766 (Facsimile)
joshblackman@gmail.com

*Counsel for Appellant Defense Distributed*

William B. Mateja
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701
(512) 472-5070 (Telephone)
 (512) 320-8935 (Facsimile)
mateja@fr.com

*Counsel for Appellants*

Matthew Goldstein
MATTHEW A. GOLDSTEIN, PLLC
1875 Connecticut Ave NW, 10th FL
Washington, DC 20009
(202) 550-0040 (Telephone)
(202) 683-6679 (Facsimile)
matthew@goldsteinpllc.com

*Counsel for Appellant Defense Distributed*

# CERTIFICATE OF INTERESTED PERSONS

Counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Plaintiffs-Appellants

1. Defense Distributed
2. Second Amendment Foundation, Incorporated

Counsel who have appeared for Plaintiffs-Appellants in this case

3. Alan Gura, GURA & POSSESSKY, PLLC
4. William B. Mateja, FISH & RICHARDSON P.C.
5. William T. "Tommy" Jacks, FISH & RICHARDSON P.C.
6. David S. Morris, FISH & RICHARDSON P.C.
7. Joshua M. Blackman
8. Matthew A. Goldstein, MATTHEW A. GOLDSTEIN, PLLC

Defendants-Appellees (non-governmental)

9. Kenneth B. Handelman
10. Edward Peartree
11. Sarah J. Heidema
12. Glenn Smith

Counsel who have appeared for Defendants-Appellees in this case

13. Eric J. Soskin, U.S. DEPARTMENT OF JUSTICE
14. Stuart Justin Robinson, U.S. DEPARTMENT OF JUSTICE
15. Zachary Carl Richter, U.S. DEPARTMENT OF JUSTICE

Other Persons with a Financial Interest in the Outcome of this Litigation

16.    Upon information and belief, Insurers of the Defendants-Appellees
17.    Ghost Gunner, Inc.


/s/ Matthew A. Goldstein
Matthew A. Goldstein

*Counsel for Appellant Defense Distributed*

# UNOPPOSED MOTION TO VIEW SEALED PORTION OF RECORD

Appellants respectfully move this Court to direct the district court to release the sealed portion of the record on appeal to counsel for the movants. Appellees advised that they do not oppose this motion.

1. This case concerns Defendants' imposition of a prior restraint under the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, on the publication of information described on the ITAR U.S. Munitions List ("USML"), 22 C.F.R. 121.1.

2. Among other things at issue in this appeal are electronic copies of blueprints and other forms of electronic documents that may be posted on the Internet in any form, to include in PDF documents, .jpeg images, and other formats, to include Computer Assisted Drafting ("CAD") files.

3. In their Memorandum in Opposition to Appellants' Motion for Preliminary Injunction (ROA.509-549), Appellees claimed that certain CAD files at issue in this action are described in the USML and can be used to "automatically" generate a firearm.

4. Appellants' Reply in Support of their Motion for Preliminary Injunction (ROA.633-655) contested Appellees' assertion that the CAD files automatically generate a firearm. In support of this position, Appellants offered the Supplemental Declaration of Cody Wilson, which describes in great detail how

1

to manufacture the "Liberator." The affidavit offers a step-by-step guide—along with the requisite amount of time it takes—to work with certain technical expertise, tools, materials, a CAD file, and a 3D printer, in order to create a single-shot firearm. *Id.*

5. In their proposed rule published after the filing of this action, Appellees claim that their prior restraint applies to all publications of technical information described on the USML, to include information that describes how to manufacture firearms. *See* 80 Fed. Reg. 31,525, 31,538 (June 3, 2015). Appellees do not provide any exclusion for information published by court clerks or for information presented by parties as exhibits in court proceedings open to the public. *Id.* This means that the information contained in Wilson's Supplemental Declaration is subject to Appellees' purported prepublication approval requirement unless the Department of State issues a binding final determination to the contrary through its "Commodity Jurisdiction" procedure.

6. ITAR Section 120.4 provides, "[t]he commodity jurisdiction procedure is used with the U.S. Government if doubt exists as to whether an article or service is covered by the U.S. Munitions List." Consistent with ITAR Section 120.4, Appellees regularly advise the public that the Commodity Jurisdiction procedure is the only means to obtain a binding decision from the Department of State on whether technical information is subject to ITAR control. *See* 78 Fed.

Reg. 22,740, 22,750 (" . . . only a CJ determination provides an official and exclusive decision on whether or not an item is a defense article on the USML"). This Commodity Jurisdiction procedure is set forth by National Security Guidelines, which require a 60-day interagency review period. The parties do not dispute that such reviews have historically taken 60 days to a year or more—or in our case two years—for a final determination. ROA.500-501.

7. An ad hoc representation from the Justice Department during the course of litigation that Wilson's Declaration is not covered by the USML would be insufficient. The Justice Department lacks the appropriate jurisdiction to make that determination, even if performed in consultation with the Appellees. Within the federal government, the only agency and procedure that can provide an authoritative determination on whether Wilson's Declaration is subject to the ITAR is the State Department through its Commodity Jurisdiction procedure.

8. There having been insufficient time to obtain a final commodity jurisdiction determination from the Appellees or a license from Appellees to file Wilson's Supplemental Declaration in open Court, the Appellants filed their Motion for Leave to File Sealed Document (district court Dkt. #36 in Case No. 15-cv-00372), which included Wilson's Supplemental Declaration as an attachment.

9. The district court granted Appellants leave to file Wilson's Supplemental Declaration, which was filed under seal for use as Exhibit 1 to

Appellants' Memorandum of Points and Authorities in Reply to Appellees' Opposition to Appellants' Motion for Preliminary Injunction. ROA.633-655.

10. Shortly thereafter, counsel for Appellees filed a Notice Regarding Under Seal Filing, stating, "the Government has concluded that the ITAR does not constrain the release of the filing on the public docket and that sealing is therefore not appropriate." ROA.666. However, despite the requirements of ITAR Section 120.4 and Appellees' previous official statements, the notice filed by the counsel for the Appellees was not accompanied by a final Commodity Jurisdiction determination. Because this representation by the Justice Department is insufficient to provide an authoritative conclusion of whether Wilson's declaration is covered by the USML. Wilson's Declaration presently remains under Seal at the district court.

11. The Electronic Record on Appeal was filed on October 16, 2015 and the Clerk of this Court provided notice to the parties that the record is complete for purposes of the appeal on that date.

12. The slipsheet for Wilson's Supplemental Declaration is at ROA.656. However, pursuant to the district court clerk's procedure, the ROA does not contain Appellants' Motion for Leave to File Sealed Document (district court Dkt. #36 in Case No. 15-cv-00372), which contains the Supplemental Declaration of Wilson, as filed under seal.

13. Appellants anticipate discussing and citing several portions of Wilson's Supplemental Declaration on appeal, including in Appellants' brief, presently due to be filed on or before December 10, 2015, and possibly in Appellants' reply brief, due to be filed within 14 days after service of Appellees' briefs. Appellants therefore require access to the sealed portion of the record to ensure substantive accuracy and to ease this Court's review of material by providing precise citations to the record on appeal.

14. This Court advised that access to sealed documents is provided by the district court only upon the filing and granting of a motion to view same in this Court. Accordingly, Appellants respectfully request that this Court direct the district court to release the sealed portion of the record on appeal, as filed with the district court at Dkt. #36 in Case No. 15-cv-00372, to their counsel through CD or other accessible medium.

Dated: October 30, 2015                   Respectfully submitted,

/s/ Alan Gura                             /s/ William B. Mateja
Alan Gura                                 William B. Mateja
GURA & POSSESSKY, PLLC                    FISH & RICHARDSON P.C.
105 Oronoco Street, Suite 305             One Congress Plaza, Suite 810
Alexandria, Virginia 22314                111 Congress Avenue
(703) 835-9085 (Telephone)                Austin, Texas 78701
(703) 997-7665 (Facsimile)                (512) 472-5070 (Telephone)
alan@gurapossessky.com                    (512) 320-8935 (Facsimile)
                                          mateja@fr.com

*Counsel for Appellants*

/s/ Josh Blackman
Joshua M. Blackman
1303 San Jacinto Street
Houston, Texas 77002
(202) 294-9003 (Telephone)
(713) 646-1766 (Facsimile)
joshblackman@gmail.com

*Counsel for Appellant Defense Distributed*

*Counsel for Appellants*

/s/ Matthew Goldstein
Matthew A. Goldstein
MATTHEW A. GOLDSTEIN, PLLC
1875 Connecticut Ave NW, 10th FL
Washington, DC 20009
(202) 550-0040 (Telephone)
(202) 683-6679 (Facsimile)
matthew@goldsteinpllc.com

*Counsel for Appellant Defense Distributed*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Matthew A. Goldstein
Matthew A. Goldstein

*Counsel for Appellant Defense Distributed*
