

**Gura** PLLC

916 Prince Street, Suite 107
Alexandria, Virginia 22314
703.835.9085 – Tel.
703.997.7665 – Fax

www.gurapllc.com

February 10, 2017

The Hon. Lyle W. Cayce
Clerk, United States Court of Appeals
  for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

      Re:    *Defense Distributed* v. *U.S. Dep't of State*
             U.S. Court of Appeals, 5th Cir., No. 15-50759

      Supplemental Authority per Fed. R. App. P. 28(j)

Dear Mr. Cayce:

      The Government's case rests upon inchoate claims of national security harm should Plaintiffs publish firearms-related information. A recent Ninth Circuit opinion confirms that national security arguments are subject to judicial review, and must be substantiated with actual evidence. *Washington* v. *Trump*, No. 17-35105, 2017 U.S. App. LEXIS 2369 (9th Cir. Feb. 9, 2017).

      In the interest of national security, the President signed Executive Order 13769, stemming the entry of people from seven nations wracked by terrorist activity. The Ninth Circuit denied the Government's request to stay a temporary restraining order enjoining that Executive Order.

> The Government has not shown that a stay is necessary to avoid irreparable injury. Although we agree that "the Government's interest in combating terrorism is an urgent objective of the highest order,"the Government has done little more than reiterate that fact . . . the Government submitted no evidence to rebut the States' argument that the district court's order merely returned

Mr. Cayce
Page Two

> the nation temporarily to the position it has occupied for many previous years.

*Washington*, at *31-*32 (citation and internal quotation marks omitted).

> The Government has pointed to no evidence that any alien from any of the countries named in the Order has perpetrated a terrorist attack in the United States. Rather than present evidence to explain the need for the Executive Order, the Government has taken the position that we must not review its decision at all. We disagree . . . .

*Washington*, at *32 (footnotes omitted).

Of course, noncitizens have no constitutional right to enter the United States. Yet in *Washington*, the purported harm to public universities in being temporarily denied association with people from Iran, Iraq, Somalia, Libya, Yemen, Syria and Sudan outweighed the President's national security concerns about the current level of vetting for such nationals.

Here, the Government is plainly infringing on the fundamental First Amendment speech rights of American citizens—also based on nothing more than the assertion of a public interest. Universities, public and private, have also objected to the challenged prior restraint. ROA.765.

                                        Sincerely,

                                        /s/ Alan Gura

                                        Alan Gura
                                        Counsel for Plaintiffs-Appellants

Certificate of Compliance

      This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 333 words as automatically totaled by WordPerfect X4.

                              /s/ Alan Gura
                              Alan Gura

Certificate of Service

      On this, the 10th day of February, 2017, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

      I declare under penalty of perjury that the foregoing is true and correct.

                              /s/ Alan Gura
                              Alan Gura